# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 14-914V
Filed: May 10, 2017

| | | |
|---|---|---|
| * * * * * * * * * * * * * * * | | |
| MICHAEL ANGELL and ANNA ANGELL  * | | |
| on behalf of D.A., * | | |
| * | | Special Master Sanders |
| Petitioners, * | | |
| * | | Attorneys' Fees and Costs; |
| v. * | | Reasonable Amount Requested. |
| * | | |
| SECRETARY OF HEALTH * | | |
| AND HUMAN SERVICES, * | | |
| * | | |
| Respondent. * | | |
| * * * * * * * * * * * * * * * | | |

<u>Mark T. Sadaka</u>, Law Offices of Sadaka Associates, LLC, Englewood, NJ, for Petitioners.
<u>Darryl R. Wishard</u>, United States Department of Justice, Washington, D.C., for Respondent.

### DECISION AWARDING ATTORNEYS' FEES AND COSTS[1]

     On September 29, 2014, Michael Angell and Anna Angell ("Petitioners") filed a petition on behalf of their minor daughter, D.A., for compensation pursuant to the National Vaccine Injury Compensation Program.[2]  42 U.S.C. §§ 300aa-10 to -34 (2012).  Petitioners alleged that as a result of human papillomavirus vaccines ("HPV") administered on October 4, 2011, February 23, 2012, and June 11, 2012, D.A. suffered from hair loss, seborrheic dermatitis, and alopecia totalis.  Decision Stipulation, ECF No. 42.  On September 6, 2016, Special Master Hamilton-

---

[1] This decision shall be posted on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).  In accordance with Vaccine Rule 18(b), a party has 14 days to identify and move to delete medical or other information that satisfies the criteria in § 300aa-12(d)(4)(B).  Further, consistent with the rule requirement, a motion for redaction must include a proposed redacted decision.  If, upon review, the undersigned agrees that the identified material fits within the requirements of that provision, such material will be deleted from public access.

[2] The Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended, 42 U.S.C. §§ 300aa-10 *et seq.* (2012) (hereinafter "Vaccine Act" or "the Act").  Hereinafter, individual section references will be to 42 U.S.C. § 300aa of the Act.

Fieldman issued a decision awarding compensation to Petitioners pursuant to the parties' stipulation. *Id.*

On March 5, 2017, Petitioners filed an application for attorneys' fees and costs. Mot. Att'ys' Fees & Costs, ECF No. 49. Petitioners requested attorneys' fees in the amount of $26,306.97, and attorneys' costs in the amount of $10,417.83, for a total of $36,724.80. Pet'rs' Ex. A at 21-23, ECF No. 49-1. Petitioners averred that they incurred no personal costs during the litigation of their case. Mot. Att'ys' Fees 2.

Respondent indicated that "[t]o the extent the Special Master is treating [P]etitioners' request for attorneys' fees and costs as a motion that requires a response from [R]espondent . . . Respondent is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case." Resp't's Resp. 2, ECF No. 33. Respondent recommended that the undersigned exercise her discretion and determine a reasonable award for attorneys' fees and costs. *Id.* at 3.

The undersigned has reviewed Petitioners' counsel's detailed records of time and expenses incurred in this case, and they are reasonable. In accordance with the Vaccine Act, 42 U.S.C. § 300aa-15(e) (2012), the undersigned finds that Petitioners are entitled to attorneys' fees and costs. **Accordingly, the undersigned hereby awards the amount of $36,724.80,[3] in the form of a check made payable jointly to Petitioners and Petitioners' counsel, Mark T. Sadaka, of the Law Offices of Sadaka Associates, LLC.** In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court shall enter judgment in accordance herewith.[4]

**IT IS SO ORDERED.**

s/Herbrina D. Sanders
Herbrina D. Sanders
Special Master

---

[3] This amount is intended to cover all legal expenses incurred in this matter. This award encompasses all charges by the attorney against a client, "advanced costs" as well as fees for legal services rendered. Furthermore, § 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein. *See generally Beck v. Sec'y of Health & Human Servs.*, 924 F.2d 1029 (Fed. Cir. 1991).

[4] Entry of judgment can be expedited by each party's filing of a notice renouncing the right to seek review. Vaccine Rule 11(a).